IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RONALD L. BRADLEY, JR.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-11-2708 |
| **9727 PULASKI, INC., dba CATCHES,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

In this case brought under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), Plaintiff Ronald L. Bradley, Jr., alleged Defendant 9727 Pulaski, Incorporated, dba Catches, violated the law on June 5, 2010, by giving him an electronically printed credit card receipt that displayed the expiration date of Bradley's credit card.  (Compl. ¶ 32, ECF No. 1.)  Bradley claimed 9727 Pulaski's noncompliance with FACTA was willful. (*Id.* ¶¶ 33-37.)  The Court is satisfied that Bradley has complied with the requirements for proper and effective service.  (*See* Pl.'s Mem. Addressing Service of Process, ECF No. 11.)  Despite proper service, 9727 Pulaski has failed to answer or otherwise respond to Bradley's complaint. Thus, default judgment will be entered against 9727 Pulaski for liability for willful noncompliance with FACTA.

Under the Fair Credit Reporting Act, of which FACTA is a part, civil liability for willful noncompliance is set forth in 15 U.S.C. § 1681n.  That section permits recovery of actual damages sustained by the consumer or of statutory damages of not less than $100 and not more than $1,000.  Section 1681n(a)(1)(A).  Bradley has not alleged any actual damage.  Therefore, he

may recover only statutory damages. The Court concludes the amount of $100 is appropriate as an award of statutory damages.

Also under this section, the law permits an award of "such amount of punitive damages as the court may allow." Section 1681n(a)(2). The Court concludes that punitive damages are not appropriate to the instant suit. No evidence is before the Court to show the level of culpability of 9727 Pulaski regarding its noncompliance with FACTA, and as a general principle, punitive damages should take into account the degree to which a party has acted contrary to law and the actual harm suffered by the plaintiff. Neither of those factors can be determined on the record before the Court. Consequently, the Court declines to award punitive damages.

As a successful litigant, Bradley is entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1681n(a)(3). Bradley is directed to submit a bill of costs to the Clerk. Bradley has claimed an attorney's fee of $2,560 based upon 5.76 hours at a rate of $400 per hour. (Pl.'s Mot. Def. J., Ex. 1, Time Report, ECF No 9.) The Court takes judicial notice that on the same day the instant suit was filed, Bradley, through the same attorney, E. David Hoskins, Esquire, filed two other suits in this Court also claiming FACTA violations: *Bradley v. Koopers Tavern, Inc.*, Civ. No. CCB-11-2709, and *Bradley v. F&C, LLC, dba Poncabird Pub*, Civ. No. WMN-11-2710. The three complaints are virtually identical, save for the name of the defendant and the date of allegedly noncompliant receipt. The complaint's substance is also strikingly similar to a class action complaint filed by Mr. Hoskins on behalf of another plaintiff, *Buechler v. KEYCO, Inc.*, Civ. No. WDQ-09-2948. Suffice it to say that the instant complaint reflects almost no original work. As a result, the hours claimed are not reasonable, and the Court will reduce the allowable hours to 3.00.

The Court further finds that the requested rate of reimbursement of $400 per hour is not reasonable. Using the District of Maryland's Local Rules, Appendix B: Rules and Guidelines

for Determining Attorneys' Fees in Certain Cases, the Court finds that based upon Mr. Hoskins's years at the bar, the acceptable range of hourly rates is $275 to $400. Given the multiple nature of Mr. Hoskins's filings, the Court finds the appropriate hourly rate in this case is $275. Accordingly, Bradley will be awarded reasonable attorney's fees of three hours at the hourly rate of $275, for a total of $825.

A separate order will be entered reflecting the contents of this memorandum.

DATED this 27th day of February, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge